IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-CV-02387-MSK-BNB

BEAL BANK NEVADA and
OUTSOURCE MANAGEMENT, LLC,

      Plaintiffs,

v.

MICHAEL KETTELL,

      Defendant.

---

## ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

---

**THIS MATTER** comes before the Court on Plaintiffs Beal Bank Nevada ("Beal Bank") and Outsource Management, LLC's ("OSM") Motion for Summary Judgment **(#24)**, to which no response has been filed.

This motion was originally filed by BankFirst. BankFirst, however, is no longer a party in this action. At the January 5, 2010 hearing, Beal Bank and OSM were substituted as the real parties in interest for BankFirst. Both Beal Bank and OSM orally adopted BankFirst's Motion for Summary Judgment at the hearing. Beal Bank has also filed an adoption of the Motion **(#40)**, a supplement to the Motion **(#41)**, and a status report regarding the Motion **(#42)**.

Having considered the same, the Court **FINDS** and **CONCLUDES** as follows.

### I. Jurisdiction

The Court exercises jurisdiction pursuant to 28 U.S.C. § 1332(a).

## II.   Background

The following facts are either undisputed or are construed most favorably to the non-movant.

In June 2006, Pacific/Desert Partners, LLC ("Pacific/Desert") executed two promissory notes in favor of BankFirst in consideration for BankFirst's commercial loans and extension of credit.  "Note A" was for $21,700,000 and "Note B" was for $3,075,000; both were executed in connection with a development loan agreement between Pacific/Desert and BankFirst.  The maturity date for the promissory notes was June 15, 2008.[1]  In connection with these loans, Mr. Kettell executed a Guaranty in favor of BankFirst under which he personally guaranteed all of Pacific/Desert's obligations to BankFirst, including repayment of the full amount of both Note A and Note B.

Pacific/Desert defaulted on its obligations.  Pursuant to the Guaranty, BankFirst sought payment from Mr. Kettell by sending him two separate demand letters dated August 14, 2008, and October 6, 2008.  Mr. Kettell has failed to perform under the Guaranty, including failing to repay any amount of the promissory notes to BankFirst.  BankFirst instituted this action seeking payment of the principal and interest on Note A and Note B and all attorney fees and costs associated with this enforcement action.

During the pendency of this action and after BankFirst filed its motion for summary judgment, the State of South Dakota declared BankFirst insolvent.  Thereafter, the Federal Deposit Insurance Corporation ("FDIC"), acting as Receiver for BankFirst, transferred all of

---

[1] The promissory notes indicate that the maturity date was December 15, 2007, with the option of a six-month extension upon written notice by Pacific/Desert.  BankFirst represents in both its motion and through the affidavit of Michael Hayes, the Senior Vice President of BankFirst, that the maturity date was June 15, 2008.

2

BankFirst's rights, title, and interest with regard to Note A to Beal Bank.  Based on the parties

representations and with no objection from BankFirst or Mr. Kettell, Beal Bank and OSM were

substituted as the real parties in interest in this action.[2]

## III.   Analysis

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if

no trial is necessary.  *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).

Summary adjudication is authorized when there is no genuine dispute as to any material fact and

a party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Substantive law governs

what facts are material and what issues must be determined.  It also specifies the elements that

must be proved for a given claim or defense, sets the standard of proof and identifies the party

with the burden of proof.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986);

*Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989).  A factual

dispute is "genuine" and summary judgment is precluded if the evidence presented in support of

and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter

for either party.  *See Anderson*, 477 U.S. at 248.  When considering a summary judgment

motion, a court views all evidence in the light most favorable to the non-moving party, thereby

favoring the right to a trial.  *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir.

2002).

The analysis to be applied differs depending on whether the moving party is also the

party with the burden of proof at trial.  When the movant has the burden of proof on a claim or

---

[2]  According to OSM, it succeeded to the rights associated with Note B when the FDIC
transferred the servicing platform of BankFirst and all rights under the Servicing Agreement to OSM,
however, no documentation showing the assignment of BankFirst's rights has been submitted.  Therefore,
the Court makes no finding as to OSM's rights relative to Note B.

defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(e). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

Here, Beal Bank and OSM bear the burden of proving their claims at trial. Therefore, to obtain summary judgment they must first come forward with competent evidence to establish each element of the claims against Mr. Kettell. The only claim against Mr. Kettell is for breach of guaranty, a type of contract. Under Colorado law, to prove a breach of contract claim, a plaintiff must show: (i) the existence of a contract; (ii) performance of the contract by the plaintiff; (iii) failure to perform the contract by the defendant; and (iv) resulting damages. *See W. Distrib. Co. v. Diodoso*, 841 P.2d 1053, 1058 (Colo. 1992).

The Plaintiffs have met their burden with respect to Mr. Kettell's liability for the promissory notes under the Guaranty. They have come forward with sufficient facts to establish that BankFirst was a party to contracts with Pacific/Desert (the promissory notes) and Mr. Kettell (the Guaranty); that BankFirst performed under those contracts by lending funds to Pacific/Desert; that Pacific/Desert defaulted on the promissory notes; that Mr. Kettell has breached the Guaranty by not making good on Pacific/Desert's default; and that BankFirst has consequently suffered damages.

4

Furthermore, Beal Bank has demonstrated its succession to the rights associated with Note A by submitting the assignment documentation for Note A.  As to liability and right of recovery, Beal Bank is fully met its burden on summary judgment.  However, it has not, however, specified the amount of Note A that remains unpaid, including applicable interest.[3]

As to liability on Note A, the burden shifts to Mr. Kettell to come forward with evidence indicating the existence of a genuine issue of material fact.  Mr. Kettell has not responded to the Motion for Summary Judgment[4] and, therefore, has not met this burden.  Accordingly, as to liability a summary determination in favor of Beal Bank is warranted.[5]  *See Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (holding that summary judgment is appropriate on an uncontested motion for summary judgment if the moving party has met its initial burden of production under Rule 56 and demonstrated that no genuine issues of fact remain and that it is entitled to judgment as a matter of law).  However, in the absence of a quantification of the amount that is owed on the Guaranty of Note A, no money judgment can enter in favor of Beal Bank.

OSM has not provided evidentiary support for its allegation that it has succeeded to

---

[3] Although the adopted Motion for Summary Judgment states a total amount due and owing on both Note A and Note B, the Court has no way of determining whether that is the current amount owing or how the total amount is apportioned between Note A and Note B.

[4] Mr. Kettell has been provided ample opportunity to respond to the Motion.  He did not respond by the deadline set by the local rules.  Then, after substitution of the Plaintiffs, the parties were granted additional time to supplement and respond.  Mr. Kettell did not respond by the deadline of January 27, 2010.

[5] Additionally, although Mr. Kettell's answer (**#11**) and the parties' Proposed Final Pretrial Order (**#35**) indicated that Mr. Kettell intended to assert a number of affirmative defenses ( all of which were defenses asserted by Pacific/Desert) , he has not asserted any defense in conjunction with the Motion for Summary Judgment.  Moreover, it appears that he waived any defense to liability on Note A in the Guaranty and Beal Bank is a holder in due course of Note A that would take free of such defenses.

BankFirst's rights associated with Note B and thus has failed to meet its burden on summary judgment, altogether.

**IT IS THEREFORE ORDERED** that

(1)     The Plaintiffs' Adopted Motion for Summary Judgment **(#24)** is **GRANTED IN PART** and **DENIED IN PART**.

(2)     A summary determination is made in favor of Beal Bank Nevada as to Mr. Kettell's liability on the Guaranty of Note A. Beal Bank Nevada shall have 10 days from the date hereof to submit evidence of the amount owing to it on the Guaranty of Note A for purposes of entry of Judgment in its favor.

(3)     The Motion as to Outsource Management, LLC.  is **DENIED**. Such motion may be renewed within ten days.

Dated this 12th day of February, 2010

                              **BY THE COURT:**

                              _____

                              Marcia S. Krieger
                              United States District Judge